# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ASK Chemicals LLC, | |
| Plaintiff, | |
| v. | C.A. No. 5:19-cv-1585 |
| Novis Works, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

# COMPLAINT

Plaintiff ASK Chemicals LLC (hereinafter referred to as "ASK Chemicals" or "Plaintiff") files this Complaint against Defendant Novis Works, LLC (hereinafter referred to as "Novis Works" or "Defendant"), and alleges as follows:

## I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, specifically 35 U.S.C. § 271, including 35 U.S.C. § 271(a), (b), and (c).

## II. THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the state of Delaware having a place of business at 495 Metro Place South, Suite 250, Dublin, Ohio 43017.

3. Upon information and belief, Defendant Novis Works, LLC is a limited liability company organized and existing under the laws of the state of Ohio and maintaining its principal

place of business at 400 Schroyer Ave. SW, Canton, Ohio 44702. Upon information and belief, Novis Works may be served with process by serving its registered agent Krugliak, Wilkins, Griffiths & Dougherty Co., LPA at 4771 Munson Street, NW, Canton, Ohio 44718.

### III. JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant as a result of its being organized under the laws of the state of Ohio and as a result of the Defendant's principal place of business being located within this judicial district.

6. The Defendant, directly or through intermediaries, has previously conducted and continues to conduct substantial business in this judicial district. For example, the facts will show that the Defendant: (i) has been engaging and continues to engage in substantial infringing acts within this judicial district; (ii) has purposefully and voluntarily placed one or more infringing products into the stream of commerce within this forum and/or with the expectation that they will be purchased by consumers in this forum; and/or (iii) has regularly derived and continues to derive substantial revenue from goods and services provided to entities in Ohio and within this judicial district.

7. This Court has personal jurisdiction over the Defendant because it is located here and because it conducts substantial and continuous business in this judicial district such that the exercise of jurisdiction would not offend traditional notions of fair play and justice.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)–(d) and 1400(b) for the reasons set forth above.

## IV.  BACKGROUND FACTS

9. The roots of ASK Chemicals go back to 1917 when Werner G. Smith started a business in Cleveland, Ohio blending natural oils with solvents and driers to foundry specifications.

10. Today, ASK Chemicals is a leading supplier of chemicals and materials to the world's foundry industry.

11. Foundries are factories that produce metal castings by pouring molten metal into molds and then removing the mold material after the metal has cooled and solidified.

12. Foundry shapes (more commonly referred to as molds and cores) are crucial to foundry production and are traditionally manufactured using foundry binder systems that are combined with a foundry aggregate (often sand) to form a foundry mix.

13. The foundry mix is shaped into a desired pattern and then exposed to a curative agent producing a cured (i.e. solidified) core or mold.

14. The cured foundry shapes are often coated with a refractory coating prior to use in order to minimize erosion of the shapes during casting.

15. Because of the extreme conditions to which they are subjected, foundry shapes must be very carefully constructed and much science has been devoted to the creation of better foundry shapes including by improving the foundry mixes utilized.

16. United States Patent No. 6,686,402 (hereinafter "the '402 Patent"), which is entitled Cold-Box Foundry Binder Systems, issued on February 3, 2004 and has claims directed to improved foundry mixes.

17. The named inventors of the '402 Patent are Wayne Woodson and H. Randall Shriver (the '402 patent may sometimes be referred to as the "Woodson Patent").

3

18. The '402 Patent was originally assigned to Ashland Inc. but was assigned to ASK Chemicals on December 17, 2010.

19. ASK Chemicals is the owner of all right and title in and to the '402 Patent.

20. Claim 7 of the '402 Patent, which is an independent claim being asserted in this case, is illustrative and recites as follows:

> A foundry mix comprising:
>
> (a) a major amount of foundry aggregate;
>
> (b) an effective binding amount of a binder system, which will cure in the presence of sulfur dioxide and a free radical initiator, comprising:
>
> (1) 20 to 70 parts by weight of an epoxy novolac resin;
>
> (2) 20 to 40 parts by weight of a monomeric or polymeric acrylate;
>
> (3) 1 to 35 parts by weight of bisphenol F; and
>
> (4) an effective amount of a free radical initiator, where (1), (2), (3), and (4) are separate components or mixed with another of said components, provided (4) is not mixed with (2), and where said parts by weight are based upon 100 parts of binder system.

21. ASK Chemicals manufactures and sells the foundry binding systems recited by the claims of the '402 Patent so that its customers can manufacture the claimed foundry mixes including the foundry mix that is recited by Claim 7.

22. The relevant foundry binding systems are commercially sold by ASK Chemicals under the ISOSET® trademark.

23. ASK Chemicals does not license the '402 Patent.

4

24. Novis Works is a competitor of ASK Chemicals, that was established in 2008, and which sells foundry products within the United States.

25. As is relevant to this complaint, Novis Works sells a foundry binder system under the HyperSET® trademark.

26. HyperSET is sold as a system comprising two parts which are referred to as HyperSET 2050 and HyperSET 3050.

27. Novis Works maintains and controls the content of the website that is available at the domain www.novisworks.com (the "Novis Works website").

28. According to the Novis Works website, HyperSET is "an Epoxy/Acrylic $SO_2$ cured cold box product. Versatile cold-box product that [sic] has multiple benefits for the user in many ferrous and non-ferrous applications as well as coarse aggregates. The 2050/3050 system 'package' was developed for increased front-end tensile development, improved humidity resistance and higher hot strength." See Exhibit A, which is a true and accurate screenshot of the quoted language appearing on the Novis Works website.

29. As is discussed more fully below, when combined with a major amount of aggregate, the HyperSET binding system infringes upon the claims of the '402 Patent literally and/or under the doctrine of equivalents.

30. Upon information and belief, Novis Works has made foundry mixes using the HyperSET system in which the HyperSET binder was combined with a major amount of aggregate.

31. Upon information and belief, Novis Works has made these foundry mixes to, among other things, test and advertise the front-end tensile development, improved humidity

5

resistance, and higher hot strength exhibited by foundry shapes made from mixes using HyperSET.

32. Novis Works has sold and continues to sell the HyperSET system instructing that it be used by its customers for foundry mixes in which the HyperSET is combined with a major amount of aggregate.

33. The intended purpose of HyperSET is to be combined with a major amount of aggregate to form a foundry mix.

34. Entities are buying HyperSET from Novis Works and combining it with a major amount of aggregate to manufacture foundry mixes.

35. ASK Chemicals has lost sales of its ISOSET® products, which embody the claims of the '402 Patent, as a result of entities buying HyperSET from Novis Works to manufacture foundry mixes.

36. Upon information and belief, Novis Works has had long-standing knowledge of the '402 Patent and the scope of what it claims including during the time Novis Works developed and during the time Novis Works has sold the HyperSET system.

37. James Schneider ("Mr. Schneider") is a present employee of Novis Works and has been employed by Novis Works for at least ten years.

38. Upon information and belief, Mr. Schneider was and has been involved in the development of the HyperSET product while employed by Novis Works.

39. Prior to his employment with Novis Works, Mr. Schneider was employed by Ashland Inc. (the prior owner of the '402 Patent), and/or a predecessor, as a chemist and worked on developing foundry materials.

40. Ashland Inc. is a predecessor in interest to ASK with regards to the technology of the '402 Patent as well as with regards to other foundry material-related technology.

41. Mr. Schneider is the named inventor on patents that have claims directed to compositions for curing foundry shapes.

42. Upon information and belief, while employed by Ashland, Mr. Schneider worked as a chemist in the same department in which the invention of the '402 Patent was developed by Messrs. Woodson and Shriver.

43. Upon information and belief, Mr. Schneider recognizes ASK (and its predecessor(s) in interest) as an industry leader in the development of foundry related materials such as binding systems.

44. Upon information and belief, following his departure from Ashland, Mr. Schneider has stayed apprised of and monitored patent applications filed by or on behalf of ASK (and its predecessor(s)) to assess developments in foundry-related inventions.

45. Upon information and belief, Mr. Schneider followed the prosecution of the application that ultimately issued as the '402 Patent.

46. Upon information and belief, Mr. Schneider was aware of the publication of the application that ultimately issued as the '402 Patent.

47. Upon information and belief, Mr. Schneider obtained knowledge of the issuance of the '402 at or near to the time it issued.

48. Upon information and belief, Mr. Schneider understood the scope of what was being claimed by the '402 Patent.

49. Upon information and belief, Mr. Schneider was employed as a chemist by Novis Works to develop foundry related products to be sold by the company.

7

50. Upon information and belief, Novis Works obtained actual knowledge of the '402 Patent and the scope of the invention it claims at least through Mr. Schneider, prior to the development and release of the HyperSET system.

51. Upon information and belief, Novis Works has known during the development of the HyperSET system and during its commercialization and sale of the HyperSET system, that the system, when used as intended with a major amount of aggregate to form a foundry mix, infringes upon the claims of the '402 Patent.

## V. STATEMENT OF CLAIM

52. The allegations of the preceding paragraphs are incorporated as if fully set forth herein.

53. ASK Chemicals is the owner of all right, title and interest in and to the '402 Patent.

54. Upon information and belief, Novis Works has had actual notice of the '402 Patent and its claims during all relevant years at least via Novis Works' employment of Mr. Schneider and the knowledge gained by Novis Works from Mr. Schneider and other employees. Additionally, ASK Chemicals sent Novis Works a cease and desist letter, enclosing a copy of the '402 Patent, on December 13, 2018 specifically informing the company of ASK Chemicals' position regarding Novis Works' infringement of the '402 Patent.

55. By the filing and serving of this Complaint for Patent Infringement, ASK Chemicals has again given Novis Works written notice of the '402 Patent and of its infringement. A true and accurate copy of United States Patent No. 6,686,402 is attached hereto as Exhibit B.

## COUNT I—Direct Infringement of the '402 Patent

56. The allegations of the preceding paragraphs are incorporated by reference as if

fully set forth herein.

57. Defendant has directly infringed and continues to infringe at least one claim of the '402 Patent in violation of 35 U.S.C. § 271(a) by making and using foundry mixes that incorporate Novis Works' HyperSET system and which infringe the claims of the '402 Patent. By way of example only, and without limiting ASK Chemicals' claim to this specific example, Novis Works has combined the HyperSET system with a major amount of foundry aggregate, forming foundry mixes which were formed into foundry shapes by Novis Works.

58. Upon information and belief, Novis Works has directly infringed the claims of the '402 Patent in order to, amongst other things, test and sell the HyperSET binding system in commerce.

59. The direct infringement of the '402 Patent by Novis Works is evidenced at least by the Novis Works website which discusses the characteristics of the foundry shapes Novis Works has made using the HyperSET binding system combined with a major amount of aggregate.

60. ASK Chemicals is providing a claim chart and supporting exhibits, collectively attached hereto as Exhibit C, which are specifically incorporated herein fully by reference showing in element by element manner the accused goods compared to the asserted claims of the '402 Patent. ASK Chemicals does not intend Exhibit C to be comprehensive or limiting and reserves its rights to pursue all available infringement arguments as this case and discovery progresses.

61. Upon information and belief, if any one or more element(s) of the asserted claims of the '402 Patent is/are not literally present in the foundry mixes made by Novis Works

using the HyperSET system, the element(s) is/are nonetheless present under the doctrine of equivalents.

62. ASK Chemicals has been injured and seeks damages to adequately compensate it for the Defendant's infringement of the '402 Patent. Such damages should be ASK Chemicals' lost profits but, in any event, no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

63. Moreover, the Defendant has willfully infringed the '402 Patent. For example, after acquiring knowledge of the '402 Patent, the Defendant proceeded to develop the HyperSET system despite knowing that its utilization in a foundry mix would infringe the patent and injure the owner of the '402 Patent. The HyperSET binding system is specifically made for utilization with foundry mixes in an infringement of the '402 Patent and Novis Works itself has committed infringement in order to be able to sell and market HyperSET in a manner intended to cause others to infringe the '402 Patent. These acts amount to willful and deliberate acts of infringement and amount to egregious misconduct.

64. The Defendant will continue to infringe the '402 Patent unless enjoined by this Court. ASK Chemicals therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, license, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the patent-in-suit and from further infringement, contributory infringement and/or inducing infringement of the patent-in-suit.

### COUNT II—Contributory Infringement of the '402 Patent

65. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

66. The HyperSET binding system sold by Novis Works is a material component of the claimed invention of the '402 Patent.

67. Novis Works sells the HyperSET system to be combined with a major amount of aggregate by its customers to form foundry mixes.

68. Customers of Novis Works have purchased the HyperSET system and combined it with a major amount of aggregate to form foundry mixes, infringing the claims of the '402 Patent.

69. The Claim chart attached as Exhibit C and the exhibits cited therein, which are collectively incorporated herein fully by reference, illustrate on an element by element basis how the HyperSET system has been used to infringe the '402 Patent by customers of Novis Works.

70. Upon information and belief, if any one or more element(s) of the asserted claims of the '402 Patent is/are not literally present in the foundry mixes made by customers of Novis Works using the HyperSET system, the element(s) is/are nonetheless present under the doctrine of equivalents.

71. Novis Works had knowledge of the '402 Patent and of the scope of its claims while the HyperSET system was being developed at least through the knowledge that Novis Works obtained through Mr. Schneider.

72. Novis Works understood the scope of what was claimed by the '402 Patent and understood that the HyperSET system, when combined with a major amount of aggregate, would form a foundry mix that infringed upon the claims of the '402 Patent.

73. The HyperSET binding system was developed by Novis Works for use in an infringement of the '402 Patent.

74. The HyperSET system is not a staple article or commodity of commerce.

75. The HyperSET system is not suitable for substantial noninfringing use.

76. Novis Works has encouraged its customers to combine the HyperSET system with a major amount of aggregate to form foundry mixes.

77. Novis Works is aware that its customers are combining the HyperSET system with major amounts of aggregate and creating foundry mixes that infringe the claims of the '402 Patent.

78. Accordingly, Novis Works has had knowledge of the '402 Patent, that HyperSET is a binding system adapted for use in an infringement of the '402 Patent, and has had knowledge that its customers are infringing the '402 Patent.

79. Novis Works is liable for contributory infringement of the '402 Patent pursuant to 35 U.S.C. § 271(c).

80. While ASK Chemicals believes that Novis Works has had the requisite knowledge to be held liable for the contributory infringement of the '402 Patent during the entire length of time that Novis Works has sold the HyperSET system, Novis Works has at least had such knowledge since receiving ASK Chemicals' cease and desist letter.

81. ASK Chemicals has been injured and seeks damages to adequately compensate it for the Defendant's induced infringement of the '402 Patent. Such damages should be ASK Chemicals' lost profits but, in any event, no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

82. Moreover, the Defendant has willfully contributed to the infringement of the '402 Patent. For example, after acquiring knowledge of the '402 Patent, the Defendant proceeded to develop the HyperSET system despite knowing that its utilization in a foundry mix would infringe the patent and injure the owner of the '402 Patent and despite knowing that

HyperSET was a material component of the claimed foundry mixes with no substantial noninfringing uses. The HyperSET binding system is specifically made for utilization with foundry mixes in an infringement of the '402 Patent and Novis Works has encouraged its customers to use the HyperSET binding system with major amounts of aggregate to form foundry mixes Novis Works knew were infringements of the '402 Patent. Novis Works has had knowledge that its customers have been infringing upon the claims of the '402 Patent. These acts amount to willful and deliberate acts of infringement and amount to egregious misconduct.

83. The Defendant will continue to contribute to the infringement of the '402 Patent unless enjoined by this Court. ASK Chemicals therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, license, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the patent-in-suit and from further infringement, contributory infringement and/or inducing infringement of the patent-in-suit.

## COUNT III – Induced Infringement of the '402 Patent

84. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

85. Novis Works sells the HyperSET system to be combined with a major amount of aggregate by its customers to form foundry mixes.

86. Customers of Novis Works have purchased the HyperSET system and combined it with a major amount of aggregate to form foundry mixes, infringing the claims of the '402 Patent.

87. The Claim chart attached as Exhibit C and the exhibits cited therein, which are collectively incorporated herein fully by reference, illustrates on an element by element basis

13

how the HyperSET system has been used to infringe the '402 Patent by customers of Novis Works.

88. Upon information and belief, if any one or more element(s) of the asserted claims of the '402 Patent is/are not literally present in the foundry mixes made by customers of Novis Works using the HyperSET system, the element(s) is/are nonetheless present under the doctrine of equivalents.

89. Novis Works had knowledge of the '402 Patent and of the scope of its claims while the HyperSET system was being developed at least through the knowledge that Novis Works obtained through Mr. Schneider.

90. Novis Works understood the scope of what was claimed by the '402 Patent and understood that the HyperSET system, when combined with a major amount of aggregate, would form a foundry mix that infringed upon the claims of the '402 Patent.

91. Despite this knowledge, Novis Works commercialized the HyperSET system and has marketed it and sold it as a binding system to be combined with a major amount of aggregate to form infringing foundry mixes.

92. Novis Works has encouraged its customers to combine the HyperSET system with a major amount of aggregate to form foundry mixes.

93. Accordingly, Novis Works has specifically intended for its customers to infringe the '402 Patent by combining the HyperSET system with major amounts of aggregate to form infringing foundry mixes.

94. Novis Works is liable for the actively induced infringement of the '402 Patent pursuant to 35 U.S.C. § 271(b).

95. While ASK Chemicals believes that Novis Works specifically intended for its customers of HyperSET to infringe the '402 Patent during the entire length of time that Novis Works has sold the HyperSET system, Novis Works has at least had such an intent since receiving ASK Chemicals' cease and desist letter.

96. ASK Chemicals has been injured and seeks damages to adequately compensate it for the Defendant's induced infringement of the '402 Patent. Such damages should be ASK Chemicals' lost profits but, in any event, no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

97. Moreover, the Defendant has willfully induced the infringement of the '402 Patent. For example, after acquiring knowledge of the '402 Patent, the Defendant proceeded to develop the HyperSET system despite knowing that its utilization in a foundry mix would infringe the patent and injure the owner of the '402 Patent. The HyperSET binding system is specifically made for utilization with foundry mixes in an infringement of the '402 Patent and Novis Works has encouraged its customers to use the HyperSET binding system with major amounts of aggregate to form foundry mixes Novis Works knew were infringements of the '402 Patent. These acts amount to willful and deliberate acts of infringement and amount to egregious misconduct.

98. The Defendant will continue to induce the infringement of the '402 Patent unless enjoined by this Court. ASK Chemicals therefore requests that this Court enter an order under 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant from continuing to make, use, license, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the patent-in-suit and from further infringement, contributory infringement and/or inducing infringement of the patent-in-suit.

**JURY DEMAND**

99. Plaintiff, ASK Chemicals, requests a jury trial of all issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, ASK Chemicals respectfully requests the following relief:

a. A judgment in favor of ASK Chemicals that the Defendant has infringed the '402 Patent, whether literally or under the doctrine of equivalents, whether directly or indirectly, whether contributory or inducement, as described herein;

b. A judgment and order requiring the Defendant to pay ASK Chemicals its damages, costs, expenses, and pre-judgment and post-judgment interest for the Defendant's infringement of the '402 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

c. An accounting of damages to ASK Chemicals arising from the Defendant's acts of infringement, contributory infringement, and/or active inducement of infringement, the damages including lost profits, but in no event less than a reasonable royalty, to be paid by the Defendant as a result of Defendant's infringing activities;

d. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining the Defendant from continuing to make, use, license, sell, offer to sell, and/or import into the United States the products and processes accused of infringing the patent-in-suit and from further infringement, contributory infringement and/or inducing infringement of the patent-in-suit;

e. A finding that this is an "exceptional case" under 35 U.S.C. § 285;

  f.  For an award to ASK Chemicals of three times the actual damages for willfully infringing the patent-in-suit;

  g.  That the Court grant ASK Chemicals any other remedy to which it is entitled as provided under Federal or State law; and

  h.  Such other and further relief as the Court deems just and proper.

              Respectfully submitted,

Dated:  July 11, 2019      /s/ Jeffrey S. Standley
              Jeffrey S. Standley (OH Bar No. 0047248)
              F. Michael Speed, Jr. (OH Bar No. 0067541)
              Melissa A. Rogers McCurdy (OH Bar No. 0084102)
              **STANDLEY LAW GROUP LLP**
              6300 Riverside Drive
              Dublin, Ohio  43017
              Telephone:  (614)792-5555
              Facsimile: (614)792-5536
              Email:  jstandley@standleyllp.com
                 mspeed@standleyllp.com
                 mmccurdy@standleyllp.com
                 litigation@standleyllp.com

              *Attorneys for Plaintiff ASK Chemicals LLC*